## UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| _____ ) | |
| GINO ROTONDO, Sr.              ) | |
|              Plaintiff,        ) | |
|                                ) | |
|          v.                    ) | No. 1:23-CV-00458-MSM-LDA |
|                                ) | |
| WAYNE SALISBURY,               ) | |
|              Defendant.        ) | |
| _____ ) | |

## ORDER

Mary S. McElroy, United States District Judge.

Mr. Rotondo, an incarcerated prisoner, has brought an action pursuant to 42 U.S.C. § 1983, claiming civil rights violations committed by various officials and staff of the Rhode Island Department of Corrections. The Complaint was filed on November 3, 2023, and permission to proceed *in forma pauperis* was granted one month later. In the short time period since then, Mr. Rotondo has filed "supplements" to his Complaint (ECF No. 4), a Motion to Amend (ECF No. 6), a Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 9), a Motion to Clarify (ECF No. 17), a Motion to Appoint Counsel (ECF No. 18), a Motion to

"Supplement Pleading Under Rule 15" (ECF No. 36), a second Supplemental Memorandum (ECF No. 39), and a Motion for Default Judgment (ECF No. 41).[1]

Service was accepted by the Rhode Island Attorney General on January 8 and 9, 2024, on behalf of those defendants still employed by the State (ECF Nos. 19, 21, and 22), but was declined for three others not still so employed (ECF No. 20). As to those three defendants who have not yet been served, the Clerk's Office, on January 10, mailed to Mr. Rotondo copies of summonses and forms for him to complete so that service could be accomplished. They have not yet been returned, so those defendants remain unserved.

Mr. Rotondo's Motion for Default Judgment is premature. The time for served defendants to respond to his Complaint had not run when it was filed, and one cannot default defendants who have yet to be served. In addition, during that time, Mr. Rotondo has been filing other motions, which were responded to, and a variety of missives to "supplement" his Complaint. The Motion for Default Judgment (ECF No. 41) is DENIED.

As to Mr. Rotondo's various "supplements" and motions to amend, he is due some "extra degree of solicitude" as a *pro se* filer. *Adams v. Stephenson,* No. 96-2266, 116 F.3d 464 (Table), 1997 WL 351633, at *1 (1st Cir. June 23, 1997). However, the Court will not permit continued piecemeal additions and it is not realistic to expect a

---

[1] He also prosecuted an appeal from the Court's denial of his Motion for Hearing (ECF No. 5) on December 5, 2023. The appeal was voluntarily dismissed on January 19, 2024.

defendant to answer a Complaint that is a moving target because it is constantly being revised. Therefore, the following are ORDERED:

1.  The Complaint (ECF No. 1) plus documents filed as ECF Nos. 4, 6, 17, 36 and 39 are accepted in the aggregate as the operative Complaint, referred to in the future as ECF No. 1. The Motions to Amend/Supplement (ECF No. 4, 6, 36, 39) are GRANTED.

2.  No more "supplements" or "amendments" will be accepted except in conformance with Fed. R. Civ. P. 15, which requires a formal Motion to Amend, <u>accompanied by a proposed Amended Complaint.</u>   To be clear, a "proposed Amended Complaint" is a single document containing all the claims and allegations in support within that single document. While the Court understands the burden on a *pro se* litigant of reproducing everything from the original complaint into an amended one, a defendant is entitled to see a plaintiff's allegations in a single place.

3.  The demand for jury trial made in the Motion to Clarify (ECF No. 17) is construed as a demand under Fed. R. Civ. P. 38(b)(1).

4.  The plaintiff is advised that Lincoln D. Almond is assigned as the Magistrate Judge in this matter. Further, the Complaint checked off only boxes for individual liability, not for official liability, as the basis for suit. The case is considered as one brought under § 1983, notwithstanding the docket sheet's reference to a petition for habeas corpus. The other points raised in the Motion

to Clarify are not cognizable in such a Motion, and the Motion to Clarify (ECF No. 17) is therefore DENIED.

5. A response is due to the operative Complaint by all defendants who have already been served, on or before March 8, 2024.

6. Any defendant who is served after the date of this Order must respond to the Complaint on or before March 8, 2024, or 14 days from the date of service, whichever is later.

7. The Motion to Appoint Counsel (ECF No. 18) is DENIED.

8. The Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 9) is DENIED, as the plaintiff has not shown at this point a likelihood of success on the merits. *DeNovellis v. Shalala,* 135 F.3d 58, 62 (1st Cir. 1998) (four criteria for injunctive relief).

IT IS SO ORDERED:

_____

Mary S. McElroy,
United States District Judge

Date: January 29, 2024