UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| GINO ROTONDO, Sr., | ) |
|       Plaintiff, | ) |
| v. | ) No. 1:23-CV-458-MSM-LDA |
| WAYNE T. SALISBURY, | ) |
| KIMBERLY KANE, M.D., | ) |
| LORI VENTITUOLO, | ) |
| PATRICIA A. COYNE-FAGUE, | ) |
| DR. VALICENTI, | ) |
| DAVE SASSO, | ) |
| KATHY LYONS, | ) |
| JOSEPH JANKOWSKI, | ) |
| LORI VENTITUOLO, | ) |
| LT. RAFFERTY, | ) |
| LT. PERRY, | ) |
| MARYBETH, | ) |
| DR. SNYDER, | ) |
| JESSICA KEEFE, | ) |
| JOHN DOE | ) |
|       Defendants. | ) |

ORDER

Mary S. McElroy, United States District Judge.

The plaintiff, Gino Rotondo, Sr., is serving a sentence at the Adult Correctional Institutions in the custody of the Rhode Island Department of Corrections ("DOC"). He has named as defendants 14 persons currently or formerly in the employ of DOC and a John Doe dentist.

Mr. Rotondo contends that his rights to due process, to equal protection, and to be free from cruel and unusual punishment have all been violated. Federal

question jurisdiction is therefore invoked pursuant to 28 U.S.C. § 1331 and the cause of action is brought under 42 U.S.C. § 1983.

The case is before the Court on the motion of six defendants to dismiss (ECF No. 50); three defendants have answered (ECF Nos. 52, 53, 54). The remaining putative defendants have not been served.

## I. MOTION TO DISMISS STANDARD

To survive a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff must set forth a "plausible claim." That means s/he must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The reviewing court must assume the truth of all "well-pleaded facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Thomas v. Rhode Island,* 542 F.3d 944, 948 (1st Cir. 2008). In addition, the Court must read a Complaint filed by a *pro se* plaintiff liberally. *Ahmed v. Rosenblatt,* 118 F.3d 886, 890 (1st Cir. 1997).

## II. DISCUSSION

### A. The Claims

Mr. Rotondo describes several different sets of circumstances affecting his physical health that he believes are actionable. First concerns his dentures. He alleges that he has no natural teeth and is therefore dependent on dentures. On two occasions, when he was changing cells, his belongings were – apparently in

accordance with prison policy – packed by inmates.  On both occasions, the packers failed to keep the dentures in water and, as a result, they cracked.  The Court infers that at least the second set were in some form usable, as Mr. Rotondo complains about his inability to obtain sufficient glue to make them sufficiently functional.  He pleads that without functioning dentures, he cannot chew food and as a result has lost nearly 70 lbs.  Further, he alleges that the ACI supplies him monthly with but one small tube of glue, which lasts only four days.  He has been refused additional glue and told he must buy his own, but he does not have the funds to do so.  The Court notes that his prison account, filed with his pplication to Proceed In Forma Pauperis, showed a debt balance two weeks before the filing of the Complaint of ($29.88).[1]

      The second category of facts pled concern medical care for what he describes as his congestive heart failure, two hernias, and extreme allergies.  He recounts he has had two heart attacks, undergone two angioplasty procedures, and has three stents.  He claims a necessary third angioplasty was interrupted and never completed, leaving existing artery blockage.  He complains that his hernias, which now extrude from his body, cause "excruciating pain"; surgery, once cancelled, has never been rescheduled.  A third category of complaint is the lack of medication for what he describes as an extreme gluten allergy which causes blistering and scarring all over his body.

---

[1] The last deposit recorded was at the beginning of August 2023. The statement also reflects monthly earnings at the prison of $62, but the last payroll was entered in April 2023. Mr. Rotondo's pleadings reveal he has no job at the prison.

B.  **Duty to Treat Adequately**

Because prisoners are in the custody of the state, and do not have the autonomy with which to obtain their own medical care, the Eighth Amendment requires that their custodians provide them with adequate medical treatment for any serious medical need.  The Eighth Amendment is violated if that serious medical need is met with "deliberate indifference" on the part of prison officials.  *McCauley v. Groblewski,* No. 18-2167, 2020 WL 6265069, at *4 (1st Cir. July 28, 2020).  Dental care is embraced within medical care.  *Chambers v. New Hampshire Prison,* 562 F. Supp.2d 197, 200 (D.N.H. 2007) (dental cavity).  Mr. Rotondo has sufficiently pled serious medical needs, related to both the need for functioning dentures and the need for treatment of a number of significant illnesses.  A "serious medical need" may be one so obvious that even a lay person would easily recognize the necessity for a doctor's attention," *Perry v. Roy*, 782 F.3d 73, 78-79 (1st Cir. 2015) (citing *Gaudreault v. Municipality of Salem, Mass.,* 923 F.2d 203, 208 (1st Cir.1990)), or a need that a physician has diagnosed as requiring treatment, *Martinez v. Blanchette,* C.A. 14-537L*,* 2015 WL 9315562, at *3 (1st Cir. 2015).  Hernias in need of removal that impede walking, as Mr. Rotondo alleges, may also constitute a serious medical need.  *See Delker v. Maass,* 843 F. Supp. 1390, 1399 (D. Ore. 1994) (Eighth Amendment violation pleaded by prison's policy of refusing what it termed "elective" surgery for small to medium hernias).

4

C. **Claims Against Specific Defendants**

In a document entitled "Motion to withdraw 2 defendants," (ECF No. 37), filed on January 22, 2024, Mr. Rotondo expressed his desire to dismiss Deputy Wardens Lyons and Jankowski from the action. Those defendants are voluntarily DISMISSED from the action.[2]

Dr. Valicenti and Nurse Practitioner Sasso were, according to the Complaint, Mr. Rotondo's treating practitioners. Neither they, nor Medical Director Kimberly Kane, have moved to dismiss and, indeed, all three have filed Answers to the Complaint.

Of the remaining defendants, both Director Salisbury and former Director Coyne-Fague seem to have been sued solely because of their supervisory roles. There is no personal conduct alleged on their parts. But there is no supervisory liability in a § 1983 action. A supervisor is liable for a subordinate's actions only if "the supervisor's action or inaction was affirmatively linked to that behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference." *Pineda v. Toomey,* 533 F.3d 50, 54 (1st Cir. 2008). Defendants Salisbury and Coyne-Fague are DISMISSED. Lts. Rafferty and Perry are mentioned only in passing. They are also DISMISSED from the action.

---

[2] Those defendants took no note of the voluntary dismissal when filing their Motion to Dismiss (ECF No. 50). The Court need not rule on the Motion to Dismiss those two defendants, as it dockets Mr. Rotondo's voluntary dismissal.

5

Mr. Rotondo has filed several "supplemental" pleadings, which the Court accepted as part of an aggregate Complaint. (ECF No. 42.) Those pleadings attempt to add three CODAC employees (Snyder, Keefe and Marybeth), Officer Rousseau as a law library supervisor, and an unnamed intake dentist. There are no facts pled that would support a constitutional claim of any sort against any of them. Moreover, none of these persons were ever served. Mr. Rotondo was given notice of a declination of acceptance of service, as well as provided with summons forms to complete and return. (ECF No. 20, and Text Order of January 10, 2024.) Those summonses were not returned, and these five purported defendants are DISMISSED for want of prosecution.[3]

Finally, Mr. Rotondo claims denial of his Fourteenth Amendment rights to due process and to equal protection, but he has not stated any facts in support of those claims. To the extent they are part of this Complaint, they are DISMISSED, and the case may go forward against defendants Valicenti, Sasso and Kane, solely on the claim of cruel and unusual punishment due to inadequate medical care, in violation of the Eighth Amendment.

IT IS SO ORDERED:

*/s/ Mary S. McElroy*
Mary S. McElroy,
United States District Judge

---

[3] There are also references to a Lt. Isom, an SIU Investigator Bibeault, and two additional correctional officers Levasseur and Catlow. There are no allegations against them at all and they were also never served.

Date:   April 5, 2024